## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**BERNADETTE B. BACA**,

      Plaintiff,

vs.                                                         **Civ. No. 10-0609 BB/LAM**

**PENDARIES RESORT**,

      Defendant.

### <u>MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT</u>

**THIS MATTER** comes before the Court on pro se Plaintiff Bernadette B. Baca's Motion to Proceed *In Forma Pauperis*, filed June 24, 2010, *see* Doc. 2, and on the Court's concomitant obligation "to review the affidavit and screen her case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. If the Court determines that "the allegation of poverty is untrue," or that a complaint filed without the prepayment of filing fees fails to state a claim, it must dismiss the case. *See* § 1915(e)(2)(A), (B); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of complaints under § 1915(e) is now mandatory).

In screening Baca's Complaint under § 1915(e)(2)(B), the Court resolves the issue of whether it states a claim on which relief may be granted by applying the same standards used in resolving

motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6).  *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  In the wake of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and the more recent case of *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937 (2009), courts must carefully scrutinize a plaintiff's complaint to determine if an actionable claim is asserted.  In *Twombly*, the Court noted that the pleading standard of FED. R. CIV. P. 8 does not require "detailed factual allegations," 550 U.S. at 555, but the Rule demands more than an unadorned "the defendant-unlawfully-harmed-me" account, *see Iqbal*, 129 S. Ct. at 1949.  The Supreme Court warned against pleadings that offer "labels and conclusions" or "a formulaic recitation of the elements of the cause of action . . . ."  These, the Court stated, "will not do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.  In *Iqbal*, the Supreme Court noted:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement" but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (internal citations omitted).

## I.  Baca has failed to show indigency.

Regarding the ability-to-pay prong of the IFP analysis, IFP status should be granted only if a plaintiff demonstrates that she "cannot because of [her] poverty pay or give security for the costs . . . and still be able to provide [her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  Baca, who is 54, receives $694/month (less $25 until she pays back an overpayment) from Social Security and Social Security Disability

insurance. *See* Doc. 2 at 2. She has no dependents. She owns her home and car free and clear. She lists expenses of $200/month for utilities, $45 for internet service, and $28/month for AARP insurance. *See id.* at 3. On these facts, Baca has failed to show that she cannot, because of poverty, provide herself with the necessities of life and pay the filing fee. *See Adkins*, 335 U.S. at 339. Her application to proceed IFP will, therefore, be denied and her Complaint must be dismissed. *See* § 1915(e)(2)(A); *Trujillo*, 465 F.3d at 1217 n. 5.

## II.     Baca has failed to state a cognizable federal claim.

Further, Baca's Complaint must also be dismissed for failure to state a cognizable federal claim. Baca sues the Pendaries Resort, which is a private lodge and golf course in a small private recreational and housing subdivision in New Mexico. She was hired in April 2008 as a "manager" and terminated in August 2008. *See* Complaint at 2. Baca used a form for filing § 1983 complaints and invokes jurisdiction under 28 U.S.C. § 1343 and § 1983. *See id.* at 3. But she left blank the question whether Pendaries was acting under color of state law and fails to allege facts to show that her cause of action arises under § 1983. *See id.* at 1. She has, therefore, failed to state a claim under § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983 a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."); *Mehdipour v. Matthews*, No. 10-6073, 2010 WL 2748802 at *3 n.3 (10th Cir. July 13, 2010) ("a plaintiff's failure to properly allege a 'state action' in a § 1983 complaint strips the district court of subject matter jurisdiction only if jurisdiction is alleged under 28 U.S.C. § 1343(3)").

In the body of the Complaint, Baca states that she has been discriminated against because of her national origin in violation of Title VII and alleges the following facts in support of her suit: "I

was always picked on for things others weren't.  I was always short employees but I was not allowed

to hire employees.  Me and one other employee were the only Hispanics.  I was fired by Vicky Kirby

on August 8, 2008."  Complaint at 2.  These facts, standing alone, do not state a claim for

discrimination in violation of Title VII under the standards set forth in *Iqbal*, 129 S. Ct. at 1949, and

*Trujillo v. Univ. of Colo. Health Sciences Ctr.,* 157 F.3d 1211, 1215 (10th Cir. 1998) (holding, in

a disparate-treatment case, that a plaintiff must allege sufficient facts to show "(1) that [s]he is a

member of a racial minority, (2) that [s]he suffered an adverse employment action, and (3) that

similarly situated employees were treated differently").  *See* 42 U.S.C. § 2000e-2(a) (providing that

a Title VII plaintiff must show that she has been discharged "*because of* such individual's race,

color, religion, sex, or national origin") (italics added).

      **IT IS ORDERED** that Baca's motion to proceed IFP (Doc. 2) is DENIED and that her

Complaint is DISMISSED without prejudice.

_____

UNITED STATES DISTRICT JUDGE